UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

FILED JAN 09 2012 U.S. DISTRICT COURT DISTRICT OF R.I.

CA 12-

Cindy Ginter, Annemarie Rogers, and Lisa Kaufman on behalf of themselves and those similarly situated,

Plaintiffs,

v.

RBS Citizens, N.A., d/b/a CCO Mortgage, Charter One, and Citizens Bank,

Defendant.

CIVIL ACTION

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Cindy Ginter, Annemarie Rogers, and Lisa Kaufman (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, and on behalf of the members of the proposed Pennsylvania Rule 23 Class, by and through their attorneys, Charles S. Kirwan, Attorney at Law, Nichols Kaster, PLLP, The Winebrake Law Firm, and Donelon, P.C., bring this action against Defendant RBS Citizens, N.A., d/b/a CCO Mortgage, Charter One, and Citizens Bank for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.101, et seq. ("PMWA"). Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while Plaintiff Ginter's PMWA claims are asserted as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

2. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff Ginter's state law claims, as Plaintiff's state and federal claims derive from a common nucleus of operative fact.

3. Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 because Defendant RBS Citizens, N.A., d/b/a CCO Mortgage, Charter One, and Citizens Bank, maintains its corporate headquarters in Providence, Rhode Island, does business in the district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

4. Defendant RBS Citizens, N.A., d/b/a CCO Mortgage, Charter One, and Citizens Bank ("Defendant"), is a corporate entity headquartered at One Citizens Plaza, Providence, Rhode Island.

5. Defendant is a wholly-owned bank subsidiary of Citizens Financial Group, Inc. ("CFG"), a financial holidng company and Delaware corporation with its principal place of business located at One Citizens Plaza, Providence, Rhode Island.

6. Defendant operates hundreds of bank branches under the "Citizens Bank" brand throughout Connecticut, Delaware, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, and Vermont.

7. Defendant operates hundreds of bank branches under the "Charter One" brand

throughout Illinois, Michigan, and Ohio.

8. CCO Mortgage is a division of Defendant that services loans made through CFG's subisidary banks in thirteen states and has loan offices in two additional states.

9. Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products in multiple states, including Rhode Island. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 or greater at all relevant times.

10. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d) and the PMWA, 43 Pa. Stat. Ann. § 333.103(g).

11. Plaintiff Cindy Ginter ("Plaintiff Ginter") is an adult resident of the Commonwealth of Pennsylvania. Plaintiff Ginter worked for Defendant as a loan officer in the Altoona, Pennsylvania metropolitan area from approximately April 2008 to September 2011.

12. Plaintiff Annemarie Rogers ("Plaintiff Rogers") is an adult resident of the State of Michigan. Plaintiff Rogers worked for Defendant as a loan officer in the Detroit, Michigan metropolitan area from approximately March 2010 to April 2011.

13. Plaintiff Lisa Kaufman ("Plaintiff Kaufman") is an adult resident of the State of Michigan. Plaintiff Kaufman worked for Defendant as a loan officer in the Detroit, Michigan metropolitan area from approximately December 2009 to September 2011.

14. Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and the PMWA, 43 Pa. Stat. Ann. § 333.103(h).

15. Plaintiffs and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a).

16. Plaintiff Ginter and members of the proposed Pennsylvania Rule 23 Class have been employed by Defendant within three years prior to the filing of this lawsuit. See 43 Pa. Stat. Ann. § 260.9a(g).

17. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

18. Plaintiff Ginter brings this action on behalf of herself and on behalf of the proposed Pennsylvania Rule 23 Class.

19. Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class are individuals who were, or are, employed by Defendant as loan officers, mortgage loan originators, or as employees with similar job titles, at Defendant's numerous locations across the country, during the applicable statutory periods.

**FACTUAL ALLEGATIONS FOR ALL CLAIMS**

20. Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class worked as loan officers for Defendant.

21. Defendant is a financial institution that, among other things, sells financial products to customers.

22. As loan officers, Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class had or have the primary duty of selling mortgage loan products for Defendant.

23. Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class performed this duty primarily from inside Defendant's fixed locations and/or their home offices.

24. The work performed by Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class, is and was, work directly related to mortgage sales and refinances.

25. The FLSA and the PMWA require covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

26. Regardless of location, Defendant classified Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class as exempt from overtime premium compensation.

27. And, regardless of location, Defendant, upon information and belief, paid Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class on a commission basis.

28. Defendant was aware, or should have been aware, that Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class performed work that required payment of overtime compensation.

29. Defendant's conduct was willful and in bad faith.

30. Regardless of location, Defendant routinely suffered and permitted Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class to work more than forty (40) hours per week, and did not pay them the overtime compensation they were due.

31. Defendant required Plaintiffs, others similarly situated, and members of the

proposed Pennsylvania Rule 23 Class to work long hours to complete all of their job responsibilities.

32. Upon information and belief, Defendant did not keep accurate records of these overtime hours worked as required by law.

33. Defendant was aware of the overtime hours that Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class worked. For instance, Plaintiffs' supervisors were often aware of the time they and other loan officers arrived at and left the office because they were also present at the office and observed them working. In addition, supervisors would send and receive electronic communications from Plaintiffs after hours and on weekends concerning work related activities.

34. Moreover, Defendant set production goals for Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class. Defendant instructed its loan officers that they were expected to meet their production goals. If they did not work the hours necessary to meet those production goals, they faced repercussions from management, including, but not limited to termination. Defendant observed Plaintiffs, others similarly situated, and members of the proposed Pennsylvania Rule 23 Class working overtime hours to meet the production goals it set for them.

35. Moreover, it is common knowledge within the financial industry that courts and the United States Department of Labor have found loan officers to be non-exempt.

36. Upon information and belief, loan officers had discussions with management about overtime hours worked and/or overtime pay.

37. Upon information and belief, in approximately December 2011, Defendant issued a memorandum informing its loan officers that it intended to reclassify all loan officers as non-

exempt employees entitled to overtime premium compensation beginning in February 2012.

38. Defendant operated under a scheme to deprive loan officers of overtime compensation by classifying them as exempt, and by failing to make, keep, and preserve records of their hours worked.

39. Plaintiffs, as well as others similarly situated, were deprived of overtime pay they were guaranteed by law..

**FLSA COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

41. Plaintiffs file this action on behalf of themselves and all individuals similarly situated. The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked as a loan officers (or with a similar job title) for Defendant at any time since three years prior to the filing of this Complaint (the "FLSA Collective").

42. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached as Exhibit A.

43. In addition, several other current and former loan officers have also consented to bring overtime claims against Defendant by filing signed consent forms with this Court. (See Ex. B.) As this case proceeds, it is likely that other individuals will sign consent forms and join as opt-in plaintiffs.

44. During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

45. Defendant failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

46. Plaintiffs and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 et seq., and that have caused significant damage to Plaintiffs and the FLSA Collective.

47. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

48. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

49. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's common policies and plans of misclassifying its loan officers as exempt, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

50. Plaintiff Ginter, on behalf of herself and all members of the proposed Pennsylvania Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

51. Plaintiff Ginter brings Count III on behalf of herself and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. Plaintiff Ginter seeks to represent a class defined as follows:

> All persons who worked as a loan officers (or with a similar job title) for Defendant at any time since three years prior to the filing of this Complaint (the "Pennsylvania Rule 23 Class").

52. The proposed Pennsylvania Rule 23 Class is so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiff Ginter does not know the exact number of class members, but is informed and believes that over one hundred class members exist. The identities of the class members may be ascertained from the files and records of Defendant.

53. There are common questions of law and fact affecting the class members, including but not limited to whether Defendant unlawfully failed to pay overtime compensation, whether Defendant failed to keep accurate time records for all hours worked, the proper measure of damages sustained by the class members, and whether Defendant should be enjoined from such violations in the future. The requirements of Rule 23(a)(2) are met.

54. Plaintiff Ginter's claims are typical of the claims of the class as a whole. Plaintiff Ginter and the proposed Pennsylvania Rule 23 Class have suffered harm due to the failure of Defendant to pay them overtime compensation for the weeks in which they worked over forty (40) hours. The requirements of Rule 23(a)(3) are met.

55. Plaintiff Ginter will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4). Plaintiff Ginter's interests are not inconsistent with and not antagonistic to the interests of the class. Plaintiff Ginter has retained counsel experienced in complex wage and hour class and collective action litigation.

56. The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of other members of the class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

57. This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant. The members of the proposed Pennsylvania Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common practices and uniform policies. The damages suffered by class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Certification under Rule 23(b)(3) is appropriate.

58. Plaintiff Ginter intends to send notice to all members of the proposed Pennsylvania Rule 23 Class to the extent required by Rule 23.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
### *On Behalf of Plaintiffs and Those Similarly Situated*

59. Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

60. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

61. Defendant suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

62. Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

63. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

64. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

65. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

**COUNT II – OVERTIME VIOLATIONS UNDER PENNSYLVANIA STATE LAW**
**The Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq.**
***On Behalf of Plaintiff Ginter and the Proposed Pennsylvania Rule 23 Class***

67. Plaintiff Ginter, on behalf of herself and the proposed Pennsylvania Rule 23 Class, re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

68. At all times relevant to this action, Plaintiff Ginter and the proposed Pennsylvania Rule 23 Class were employed by Defendant with the meaning of the PMWA.

69. The PMWA entitles employees to compensation for every hour worked in a workweek. See 43 P.S. § 333.104(a).

70. The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 Pa. Stat. Ann. § 333.104(c).

71. Defendant violated the PMWA by failing to compensate Plaintiff Ginter and the proposed Pennsylvania Rule 23 Class for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff Ginter and the proposed Pennsylvania Rule 23 Class based upon the overtime premium pay rate of one and one-half times their regular pay rate.

72. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

73. Plaintiff Ginter and the proposed Pennsylvania Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawfully wages due as provided by the PMWA, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

74. Plaintiff Ginter and the proposed Pennsylvania Rule 23 Class also seek recovery of attorneys' fees, costs, liquidated damages, and expenses of this action to be paid by Defendant, as provided by the PMWA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiffs and those similarly situated as exempt;

c) Judgment against Defendant for Plaintiffs; and the similarly situated employees' unpaid back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff Ginter as Class Representative, on behalf of herself and the proposed Pennsylvania Rule 23 Class, prays for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Pennsylvania Rule 23 Class and the appointment of Plaintiff Ginter as Class Representative and her counsel as Class Counsel;

b) Judgment against Defendant finding it misclassified Plaintiff Ginter and the proposed Pennsylvania Rule 23 Class as exempt;

c) Judgment against Defendant for Plaintiff Ginter, and the proposed Pennsylvania Rule 23 Class's unpaid back wages at the applicable overtime rates;

d) All damages, civil penalties, and prejudgment interest available;

e) All costs and attorneys' fees incurred prosecuting this claim;

f) Leave to amend to add additional state law claims; and

g) All further relief as the Court deems just and equitable.

Dated:

**CHARLES S. KIRWAN, ATTORNEY AT LAW**

Charles S. Kirwan, RI Bar No. 4050
250-F Centerville Road
Warwick, RI 02886
T: (401) 359-1166
F: (401) 434-6124
E: kirwanlaw@gis.net

**NICHOLS KASTER, PLLP**
Tim C. Selander, MN Bar No. 0387016*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
T: (612) 256-3200
F: (612) 215-6870
E: selander@nka.com

**THE WINEBRAKE LAW FIRM, LLC**
Peter Winebrake, PA Bar No. 841503*
R. Andrew Santillo, PA Bar No. 93041*
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
T: (215) 884-2491
F: (215) 884-2492
E: pwinebrake@winebrakelaw.com

asantillo@winebrakelaw.com

**DONELON, P.C.**
Brendan J. Donelon, MO Bar No. 197776*
802 Broadway, 7th Floor
Kansas City, Missouri 64105
T: (816) 221-7100
F: (816) 472-6805
E: brendan@donelonpc.com

**pro hac vice applications forthcoming*

**Counsel for Plaintiffs and Those Similarly Situated**