UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CINDY GINTER, et al., on behalf of Themselves, and those similarly situated, Plaintiffs, <br><br> v. <br><br> RBS CITIZENS, N.A., d/b/a CCO MORTGAGE CHARTER ONE, and CITIZENS BANK, Defendants. | CA No: 12-008 M |

## ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

AND NOW, this 3rd day of February, 2014, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 131) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Awards (ECF No. 132), the Court hereby grants the Motions and ORDERS as follows:

Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Awards came before this Court on January 23, 2014. The proposed settlement in this case was preliminarily approved by this Court on October 22, 2013.[1] Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court hereby grants final approval of the Class Action Settlement based upon the

---

[1] The Court issued a corrected Order on January 13, 2014 to address omissions regarding the certification of certain State Law Classes for settlement purposes.

terms set forth in the Preliminary Approval Order and the Stipulation and Settlement Agreement ("Settlement") filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Class.

1. The Court finds that this action satisfies the requirements of Rule 23 for settlement purposes only and further finds that the Class has at all times been adequately represented by the Class Representatives and Class Counsel.

2. The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow- up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement, the request for incentive payments to the Named Plaintiffs, and Class Counsel's motion for an award of attorneys' fees and costs.

3. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

4. The Court has concluded that the Settlement, as set forth in the Stipulation and Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $3,000,000 Settlement Amount established pursuant to the Settlement.

5. The Settlement is HEREBY APPROVED in its entirety.

6. The Settlement Fund shall be dispersed in accordance with the Stipulation and Settlement Agreement as detailed in the Motion for Preliminary Approval of Class and

Collective Action Settlement, granted on October 22, 2013.

7. Pursuant to the Stipulation and Settlement Agreement, the Court approves enhancement payments in the amount of $5,000 each to Representative Plaintiffs Cindy Ginter, Annemarie Rogers, Lisa Kaufman, and $1,000 each to Representative Plaintiffs Jonathan D. Saxon, Dennis Hurley, Patricia Haubrich, Erdine Skelton, Arthur Maxon, Lynne Duban, and Paul Gay, provided that they each execute a General Release in the forms attached to the Settlement as Exhibits 2 through 10.

8. Plaintiffs' application for attorneys' fees in the amount of 25%, or $750,000.00, and costs in the amount of $19,760.87 is hereby granted.

9. The claims of the following individuals who opted-in to this action but whom are not eligible to participate in the settlement because they did not work as MLOs for Defendant between September 10, 2009 and April 15, 2012, are dismissed without prejudice: Brenda Carrillo and Chris Caldwell.

10. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement, including over disbursement of the Settlement Amount.

11. As provided in the Settlement, all Rule 23 Class Members who did not opt out of the Settlement have released all Released State Law Claims against the Defendant Releasees as defined in the Settlement.

12. As provided in the Settlement, all Participating Claimants who properly and timely submitted Consent to Join Settlement Forms have released all Released State Law Claims and all Released Federal Law Claims against the Defendant Releasees as defined in the Settlement.

13. The Court hereby approves an award of $10,000 to Rust Consulting, Inc., the Claims

Administrator, for settlement administration costs.

14. This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability and Defendant specifically denies any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have. Neither the fact of, nor any provision contained in the Settlement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

15. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

SO ORDERED:

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

February 3, 2014